## ROJAS, RANDALL & COMPANY, INC., APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

### APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

#### No. 364.—Decided January 17, 1919.

RECORD OF TITLE—PRIVATE INTERNATIONAL LAW—CONVEYANCE—DEED EXECUTED IN FOREIGN COUNTRY—CURABLE DEFECT.—A deed executed in New York conveying real property situated in Porto Rico must contain the requirements necessary for its validity according to sections 10 and 11 of the Civil Code. Section 10 provides that real property is subject to the laws of the country in which it is situated, and section 11 provides that the forms and solemnities of contracts, wills and other public instruments are governed by the laws of the country in which they are executed.

ID.—ID.—CONTRACT—ACCEPTANCE.—By a public deed executed in New York, Rojas, Niese & Company, Incorporated, sold real property to Rojas, Randall & Company, Incorporated, both corporations being organized under the laws of the State of New York. There was nothing in the deed to show that the purchasing corporation was a party to the contract and accepted the same directly or by a lawful representative, although its seal and not that of the vendor is stamped on the instrument. *Held:* That the defect is curable and does not prevent the recording of the deed. A contract like the one in this case, in which a person swears that he is the president of the vendor corporation but fails to establish his capacity as such by documentary evidence, is recordable, for the omission is only a curable defect.

ID.—ID.—ID.—In order that a contract may be recordable in the registry of property it must be shown that the formalities of form and execution prescribed by the laws of the country where it is executed have been complied with. The interested party is charged with proving this and his failure so to do constitutes a curable defect.

ID.—ID.—As regards the intrinsic requisites of a contract of purchase and sale of real property situated in Porto Rico, the document embodying the said contract must conform to the real-property laws of this country.

ID.—ID.—The mechanism and operation of the registries are governed by the Mortgage Law and its Regulations whose provisions are mandatory, whether the documents to be recorded are executed in or out of this country, for the registries are governed by the laws of the country.

ID.—ID.—The ruling of the registrar in refusing to admit to record a deed executed by one of the parties in favor of another person who was not a party to the contract involved in this appeal can have no effect in the present case in which it is sought to record another document between different parties.

The facts are stated in the opinion.

*Mr. Celestino Domínguez Rubio* for the appellant.

The respondent appeared by brief.

Mr. Chief Justice Hernández delivered the opinion of the court.

By a public instrument executed before Notary W. Gibbes Whaley on April 18, 1918, in the city of New York, Rojas, Niese & Company, Incorporated, sold to Rojas, Randall & Company, Incorporated, both corporations being organized under the laws of the State of New York, a lot on Monserrate Street, Guayama, for the sum of $500, the said lot containing a frame house with a zinc roof; and the said instrument having been presented in the Registry of Property of Guayama, it was denied admission to record for the following reasons:

"The foregoing instrument is denied admission to record and a cautionary notice is entered in lieu thereof for the legal period in the name of Rojas, Randall & Company, Incorporated, on the reverse side of page 72 of Volume 36 of Guayama, property No. 606, duplicate, entry 'B,' because it does not meet the requirements of law in that, considered in the light of subdivision 5 of article 3 of the Mortgage Law and section 11 of the Civil Code, it fails utterly to show that the necessary formalities, as prescribed by the laws of the State of New York for the transfer of real property, have been complied with. Furthermore, and as an auxiliary reason, *a contrario sensu*, because the undersigned registrar understands that as the object of the Mortgage Law is to promote public order, it should not be subordinated to the laws of foreign countries; therefore, the real statute, or the *lex rei sitæ*, and not the the personal statute, or the *lex loci contractus*, should be applied to this case and the provisions of our Mortgage Law should be strictly complied with. It is pointed out that the said instrument was passed upon previously when presented as supplementary to a deed conveying the same property."

An appeal has been taken from that decision to this court by Rojas, Niese & Company, who were substituted by Rojas, Randall & Company.

Subdivision 5 of article 4 of the Mortgage Law, cited by the registrar, has no bearing on the present case, for it re-

fers to acts of partition of inheritances which do not exceed $2,500.

This being an instrument executed in New York conveying title to real property situated in Porto Rico, sections 10 and 11 of the Civil Code are applicable; and the former provides that real property is subject to the laws of the country in which it is situated, while the latter provides that the forms and solemnities of contracts, wills and other public instruments are governed by the laws of the country in which they are executed.

We find upon an examination of the instrument in question that it was executed before W. Gibbes Whaley; that J. Rojas signed it for Rojas, Niese & Company, Incorporated; that Rojas swore before W. Gibbes Whaley that he was the president of said corporation; that William F. Schneider, clerk of the county of New York and also of the Superior Court of said county, certified that W. Gibbes Whaley was a notary public authorized by the laws of the state to take depositions and acknowledgments and to attest the execution of documents and deeds of conveyance of lands, properties and chattels in the State of New York; but it does not appear that Rojas, Randall & Company, Incorporated, was a party to the contract, either directly or by legal representative, although its seal and not the seal of Rojas, Niese & Company is affixed to the instrument.

We agree with the registrar that neither does the document show that the necessary formalities as to form and solemnities prescribed by the laws of the State of New York for the conveyance of real property have been complied with. The interested party must prove this and his failure to do so constitutes a curable defect which does not prevent the recording of the instrument. In support of the foregoing theory we may cite our decision in the case of *Colonial Company* v. *The Registrar,* I S. P. R. 396, where, in considering a deed executed by the liquidator of an English company

in which it was not shown that the laws of England authorized such liquidator to execute the instrument without the agreement or consent of the partners, we held that it. was incumbent upon the interested party to prove that fact in a full and proper manner, and that his failure to do so constituted a defect which prevented a final determination regarding the capacity of the liquidator and that such defect should therefore be deemed a curable one under the doctrine established by the General Directorate of Registries of Spain in its decisions of July 21, 1863, July 29, 1866, and March 30, 1898.

As to the intrinsic and material requirements of the contract for the purchase and sale of real property, it is subject to the laws of this country and not to those of the State of New York, in which the contract was made, according to section 10 of the Civil Code and the decisions of this court in the cases of *Colón et. al.* v. *Registrar of Aguadilla,* 22 P. R. R. 344, and *Bracons* v. *Registrar of San Juan,* 24 P. R. R. 703. We do not find that the contract is void in essence. for there was a specific subject-matter and also a consideration, and although, as to the consent of the parties and for the purposes of the record, there is no documentary evidence to show that J. Rojas was the president of Rojas, Niese & Company, as sworn to by him, or that the vendee corporation, Rojas, Randall & Company, accepted the contract, these defects are curable and therefore do not prevent the admission of the instrument to record.

It is well to state that the operations of the registries of property are governed by the Mortgage Law and its Regulations, the provisions of which are mandatory whether the instruments to be recorded are executed in or out of this country and that therefore the registrar may require the interested parties to comply with all the formalities which may be necessary in order to enable him to record the instrument in the manner prescribed by the said law and

regulations. The registries are governed by the laws of the country.

The registrar having stated in his decision that the instrument was passed upon when presented in the registry as supplementary to a deed of conveyance of the same property, we requested the Registrar of Guayama to send up a certificate on that point and it appears therefrom that Sixto E. Bas, as attorney in fact of Rojas, Randall & Company, Incorporated, the successor and liquidator of Rojas, Niese & Company, Incorporated, sold the same property to Matilde Espendes y Navarro by a public instrument executed in Guayama on January 5, 1918, and that the registrar refused to record the instrument and entered a cautionary notice because it appeared from the registry that the property was recorded in the name of Rojas, Niese & Company, Incorporated, and it was not shown in a lawful and sufficient manner that the said corporation had been dissolved, or that the vendee corporation, Rojas, Randall & Company, was the liquidator and successor of the former, or that, in the absence of these requirements, a legal title conveying the ownership of said property from the former to the latter corporation had been exhibited.

The grounds assigned by the Registrar of Guayama in refusing to record the deed by which Rojas, Randall & Company, Incorporated, sold the same property to Matilde Espendes y Navarro cannot affect the present case, in which the record of a different instrument between different parties is sought. *Colonial Company* v. *Registrar, supra; Behn* v. *Registrar,* 21 P. R. R. 486, and *People* v. *Registrar of San Juan,* 22 P. R. R. 746.

For the reasons stated the decision appealed from is reversed and the record is ordered as applied for, with the curable defect that the interested party has not shown that the instrument of April 18, 1918, contains the necessary formalities as to form and solemnity required by the laws

of the State of New York for the conveyance of real property, and with the further curable defects of failure of J. Rojas to establish that he was the president of Rojas, Niese & Company with power to execute the instrument, and failure to show that Rojas, Randall & Company accepted the contract.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.